CARLTON, J.,
for the Court:
¶ 1. Donald McKeown, individually and as personal representative of the decedent, Janice McKeown, for and on behalf of all wrongful-death beneficiaries and as administrator of Janice’s estate, appeals the judgment of the Union County Circuit Court denying his motion for a new trial. Donald claims that the circuit court erred in excluding the cause of death listed on Janice’s death certificate from being admitted as evidence during trial. Donald now appeals to this Court. Finding no reversible error, we affirm.
FACTS
¶ 2. Janice reported to the emergency room at the Baptist Memorial Hospital— Union County Emergency Room on October 12, 2003, complaining of trouble breathing and chest pain. Dr. Robert V. Pitcock, the emergency-room doctor, ordered a chest x-ray, which showed that Janice’s heart was enlarged. Further tests revealed that Janice had a left bundle branch block.[1] Dr. Pitcock diagnosed Janice with bronchitis and then sent her home, with instructions to follow up with her local medical doctor.
¶ 3. Janice’s symptoms persisted, and she scheduled a follow-up visit with a local nurse practitioner, Carolyn Estes. Janice saw Nurse Estes on four occasions, the final of which Nurse Estes diagnosed Janice with early congestive heart failure.
¶ 4. On the evening of November 15, 2003, five days after her last visit to Nurse Estes, Donald, Janice’s husband, found Janice lying on the floor in the master bedroom of their house, unresponsive. Donald immediately called 911, but the paramedics declared Janice dead upon their arrival. The paramedics subsequently contacted the Union County Coroner’s office. The coroner, Mark Golding, was out of town and unavailable, so Kim Bum-pas, the deputy coroner, reported to the McKeowns’ home. After examining Janice’s body and its surroundings, Deputy Coroner Bumpas asked Donald if he wanted an autopsy performed. Donald later testified that Deputy Coroner Bumpas recommended not performing one, since, in her opinion, it appeared that Janice had died of a massive heart attack. Donald stated that based on Deputy Coroner Bumpas’s recommendation, he chose not to have an autopsy performed.
¶ 5. Deputy Coroner Bumpas continued her standard investigation into Janice’s death by taking a medical history and taking note of Janice’s medications. Deputy Coroner Bumpas also spoke with Nurse Estes about the medications she had prescribed to Janice for her heart condition. After completing her investigation, Deputy Coroner Bumpas filled out and signed the death certificate, listing the cause of death as “Immediate cause: cardiopulmonary failure; Due to or a Consequence of: Congestive Heart Failure.”
¶ 6. Donald, individually and as personal representative for Janice’s estate, filed a wrongful-death suit in the Union County *522 Circuit Court against Dr. Pitcock; Baptist Hospital; Nurse Estes, C.N.F.P; North Mississippi Medical Clinics, Inc. d/b/a New Albany Medical Clinic; and Dale Wing, M.D., alleging that these medical providers had breached the standard of care in failing to diagnose and treat Janice’s serious heart condition, and he claimed that said breach had caused Janice’s death. Donald specifically alleged that Janice’s symptoms were signs of a serious heart condition, and he argues that Janice should have received a complete cardiac evaluation, been admitted to the hospital, and referred to a heart specialist to perform the necessary catheterization.
¶ 7. Baptist Hospital and Dr. Wing were voluntarily dismissed from the case. Prior to proceeding to trial, the circuit court held a hearing on all pending motions in limine, including the defendants’ motion to exclude the cause of death listed on the death certificate. After reviewing the briefs of the parties, hearing arguments from each side, and considering testimony from Deputy Coroner Bumpas, the circuit judge granted the motion to exclude the cause of death listed on the death certificate, but he allowed the remaining information on the death certificate to be admitted into evidence. The circuit judge cited Deputy Coroner Bumpas’s lack of “education, training, and experience necessary to give an opinion regarding the cause of death” as the basis for his decision to grant the motion. However, the circuit judge allowed Donald to testify as to Deputy Coroner Bumpas’s statements[2] to him after arriving on the scene after Janice’s death, as well as her statements to Donald regarding her opinion of Janice’s cause of death.[3] Donald also called two expert witnesses to testify regarding his theory as to the cause of Janice’s death.
¶ 8. After a trial held on January 25-29, 2010, the jury found that Dr. Pitcock had violated the standard of care in treating Janice. However, the jury did not find that this breach of the standard of care caused Janice’s death. The jury also found that Nurse Estes did not violate the standard of care in her treatment of Janice. Based on the jury verdict, the circuit court entered its judgment in favor of the defendants. Donald filed a motion for a new trial on the issues of causation and damages only as to his claims against Dr. Pitcock, based on the court’s exclusion of the cause of death listed on the death certifícate. The circuit court denied Donald’s motion for a new trial. Donald now appeals.
STANDARD OF REVIEW
¶ 9. “The standard of review regarding admission or exclusion of evidence is abuse of discretion. Where error involves the admission [or exclusion] of evidence, this Court ‘will not reverse unless the error adversely affects a substantial light of a party.’ ” Ladnier v. State, 878 So.2d 926, 933 (¶ 27) (Miss.2004) (quoting Whitten v. Cox, 799 So.2d 1, 13 (¶ 27) (Miss.2000) (citations and internal quotations omitted)).
DISCUSSION
Whether the circuit court erred in excluding the cause of death listed on the certified copy of the death certificate of the decedent.
¶ 10. Donald argues that the circuit court erred by excluding the cause of *523 death listed in Janice’s death certificate, citing Mississippi Code Annotated section 41-57-9 (Rev.2009) and a recent Mississippi Supreme Court opinion, Birkhead v. State, 57 So.3d 1223 (Miss.2011), as authority. The record reflects that the circuit court excluded the cause of death listed in the death certificate because of the determination that Deputy Coroner Bumpas was not qualified to give an opinion regarding the cause of death. In its motion in limine, the defense argued that Janice’s death certificate was unreliable as to the cause of death. The defense claimed that Deputy Coroner Bumpas had relied solely upon statements from Donald and Nurse Estes, as well as a visual inspection of the body, and failed to perform any further investigation when making her opinion as to the cause of Janice’s death set forth on the death certificate. The defense also asserted that the deputy coroner lacked sufficient qualifications to provide a medical opinion as to the cause of death. The defense submits that even though section 41-57-9 provides that death certificates are admissible, the circuit judge still serves as the gatekeeper to evaluate prejudice relative to Mississippi Rules of Evidence 401 and 403, and the qualification of an expert as outlined in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). During the pretrial hearing on the motion in limine, Deputy Coroner Bumpas testified that in the absence of an autopsy, she could not exclude several other causes of sudden death as the probable cause of Janice’s death.
¶ 11. Mississippi Code Annotated 41-61-57(3) (Rev.2009) states, in part, that:
Any county may have deputy county medical examiners or deputy county medical examiner investigators as deemed necessary who shall be appointed jointly by the board of supervisors and the CME or CMEI. However, when the population of a county reaches a total of twenty thousand (20,000) or greater, there shall be one or more officially appointed deputies. Deputies shall be subject to the same qualifications, training and certification requirements, and shall possess the same authority and discharge the same duties, as other county medical examiners or county medical examiner investigators, and shall receive fees and expenses as provided in Sections 41-61-69 and 41-61-75.
(Emphasis added). However, Donald argues that the qualifications of Deputy Coroner Bumpas are not the issue on appeal and asserts that deputy coroners may perform the same functions as coroners by statute. Instead, he claims that the actual issue is whether or not the cause of death listed on the death certificate is admissible, as set forth in section 41-57-9. Donald asserts that he was simply seeking to admit a complete, certified copy of a death certificate into evidence, as authorized by statute. In support of his assertions, Donald relies upon section 41-57-9, which states that “[a]ny copy of the records of birth, sickness or death, when properly certified to by the state registrar of vital statistics, to be a true copy thereof, shall be prima facie evidence in all courts and places of the facts therein stated.” Donald claims that under section 41-57-9, the circuit court should have allowed the entire death certificate into evidence, and then the court should have allowed Dr. Pitcock the opportunity to rebut this prima facie evidence and, ultimately, allow the jury to decide the issue of causation.
¶ 12. Significantly, upon our review, we find that the record reflects that Donald testified that Deputy Coroner Bumpas told him that Janice had died of a massive heart attack. When questioned about his conversation with Deputy Coroner Bum- *524 pas regarding whether or not an autopsy should be performed, Donald testified that:
[Deputy Coroner Bumpas] ... said it looked like she had had a massive heart attack. She asked me did I want an autopsy, and I told her I didn’t know. I had never had anybody die before, you know. I didn’t know if I needed to or not. She said, well, it looks like it was a massive heart attack and she didn’t see any reason for one.
After objections from the defense, the circuit judge cautioned the jury that Deputy Coroner Bumpas lacked the experience or qualifications to determine the cause of death, and the court instructed the jury that Donald’s testimony was not to be considered as evidence of Janice’s cause of death.
¶ 13. We also note that Donald called the following two expert witnesses to testify as to the circumstances of Janice’s death: Julie Davey, a nurse practitioner, and Dr. Frank Westmeyer, an expert witness in the field of emergency medicine and care. Nurse Davey’s testimony showed that Janice’s symptoms appeared consistent with those of heart disease, although Nurse Davey was not allowed to give her opinion regarding the cause of death. Dr. Westmeyer testified[4] that he believed that Janice had suffered from heart disease and stated: “It is my opinion she died of coronary artery disease, probably a myocardial infarction, perhaps complicated by congestive heart failure.” Our review of the record shows that Donald’s theory that Janice had died of heart failure was indeed placed before the jury through his own testimony and also the testimonies of these two expert witnesses. We find no abuse of discretion in the circuit court’s admission of evidence as to cause of death through Donald’s and the expert witnesses’ testimonies. Harris v. State, 970 So.2d 151, 154 (¶ 10) (Miss.2007) (“The standard of review governing the admissibility of evidence is whether the trial court abused its discretion.”).
¶ 14. Donald urges this Court to find that the circuit court erred in failing to admit the entire death certificate, and he asserts that the Mississippi Rules of Evidence do not apply to this case at hand. Donald relies upon section 41-57-9 in arguing that the death certificate must be admitted into evidence without regard to the Mississippi Rules of Evidence. However, Justice Randolph, writing for the Mississippi Supreme Court in Birkhead, 57 So.3d at 1232 (¶ 32), clearly explained in that case, a circuit court committed no error in following the rules of evidence in applying the hearsay exception set forth in Mississippi Rule of Evidence 803(9) for admission of records of vital statistics. M.R.E. 1103 (“All evidentiary rules, whether provided by statute, court decision or court rule, which are inconsistent with the Mississippi Rules of Evidence are hereby repealed.”). Similarly, in this case, the circuit court committed no error in applying the Mississippi Rules of Evidence in evaluating the admissibility of the death certificate as a record of vital statistic. See M.R.E. 401, 403, 702.
¶ 15. In this case, the circuit court dealt with the application of Rule 702 to the deputy coroner’s opinion as to the cause of death, as opposed to the confrontation issue faced in Birkhead. The circuit court herein found that Deputy Coroner Bumpas admitted on the stand that she was not able to make the determination as to cause of death as reflected on the death certificate, to wit: cardiopulmonary failure and congestive heart failure. The circuit court then properly determined that Deputy Coroner Bumpas was not qualified to give *525 an opinion as to cause of death; thus, the circuit court ordered the alleged cause of death redacted from the death certificate. The circuit court allowed the remainder of the death certificate to be admitted into evidence.
¶ 16. As previously noted, when reviewing the exclusion of evidence, this Court will only reverse if the error adversely affects a substantial right of the party. Ladnier, 878 So.2d at 933 (¶27). Additionally, if any error occurred in the circuit judge’s exclusion of the cause of death listed on Janice’s death certificate, we do not find such error to rise to the level of reversible error under the facts of this case. No reversible error occurred since the circuit court allowed Donald to present this evidence through other witnesses, thereby allowing this evidence to be considered by the jury. The testimonies from Donald, Nurse Davey, and Dr. Westmeyer informed the jury about Donald’s theory as to the cause of Janice’s death. We, therefore, cannot find that the exclusion of the cause of death listed on the death certificate adversely affected Donald’s substantial rights. See Simmons v. State, 805 So.2d 452, 498 (¶ 126) (Miss.2001); Flaggs v. State, 999 So.2d 393, 403-04 (¶¶ 31-32) (Miss.Ct.App.2008). Therefore, we find no abuse of discretion by the circuit judge in excluding the cause of death listed on the death certificate. Accordingly, we affirm.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS AND RUSSELL, JJ., CONCUR. MAXWELL, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND RUSSELL, JJ. BARNES, J., NOT PARTICIPATING.

. This is a cardiac conduction abnormality where activation of the left ventricle is delayed.

. We note that Donald chose not to call Deputy Coroner Bumpas to testify at trial.

. After Donald's testimony, the circuit court cautioned the jury that Deputy Coroner Bum-pas lacked the experience or qualifications to determine the cause of death, and the court instructed the juiy that Donald's testimony was not to be considered as evidence of Janice's cause of death.

. Dr. Westmeyer's testimony was presented by video deposition.